# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 21-mj-00079-TNL |
| Plaintiff, | |
| v. | **ORDER** |
| Ali Osman Egal, | |
| Defendant. | |

This matter is before the Court on the government's pending Motion for an Order removing Ali Osman Egal to the Southern District of Florida for further proceedings related to a pending petition alleging that he violated the conditions of his supervised release. (ECF 1, 16.) For the reasons set forth below, the Court grants the government's motion, denies Mr. Egal's motion for a preliminary hearing in this District, and orders him removed to the Southern District of Florida.

**I.    Background**[1]

Mr. Egal is currently on supervised release following his conviction for assaulting, resisting, or impeding a federal officer in violation of 18 U.S.C. § 111(a)(1). He was released from prison on September 23, 2019 and transferred to the custody of United States Immigration and Customs Enforcement ("ICE"), where he remained until December 11, 2020. As the government details in its motion, Mr. Egal was not deported but was released from custody and was instructed by an ICE officer to report to the Probation Office in California. (Gov't Mot. at 2, ECF 16.) However, Mr. Egal allegedly failed to do so, and in fact did not report to any federal probation officer in Florida, California, Louisiana, or anywhere else. However, Mr. Egal did report to ICE officials in Minnesota, as required by the conditions of his release from ICE custody. (Govt's Mot. at 3.) He had relocated to Minnesota in search of support from distant family members and the large Somali community here.

Once Mr. Egal failed to report to the Probation Office in California as expected, Judge Federico Moreno of the Southern District of Florida issued both a Petition Alleging a Violation of Supervised Release and an arrest warrant. (Gov't Mot., Ex. 1.) Mr. Egal was

---

[1]    The factual record is set out clearly in exhibits attached to the government's motion, ECF 16, exhibits 1-4. The procedural history of this case is not in dispute.

arrested on that warrant on January 22, 2021, when he appeared at the ICE office to check in with a supervising officer.

On February 10, 2021, the Court held a combined videoconference proceeding to address both the questions of detention and removal. During the more than two weeks between Mr. Egal's arrest and the hearing, counsel for Mr. Egal worked with Probation and Pretrial Services in Minnesota and with counsel for the government to explore options in this case. Specifically, the parties discussed whether it might be possible for either jurisdiction over Mr. Egal's case, including the pending violation, or simply his supervision to be transferred to Minnesota. No resolution was achieved prior to the hearing. At the hearing, the Court ordered Mr. Egal released on conditions. (ECF 13.)

With respect to the issue of removal, Mr. Egal conceded that he is the person named in the Petition and waived any identity hearing. However, he sought a preliminary hearing in Minnesota, and argued forcefully that he did not violate the conditions as set forth in the petition because he had not failed to report to the Probation Office upon his release from BOP custody as alleged. Instead, he was transferred from BOP custody to ICE custody where he remained for many months. The government took the position that Mr. Egal has no right to a preliminary hearing in the District of Minnesota; if he wished to seek such a proceeding, it would have to be held in the District of Florida. The Court sought additional briefing from counsel on two issues. First, the Court asked whether, in fact, it has the authority to hold such a hearing. Second, if the Court can hold such a hearing, could the government establish probable cause to support the alleged violation.

Both sides submitted the requested briefing and agreed that the matters could be decided on the paper record. (ECF 15, 16.)

## II.     Analysis

The Court concludes that, to the extent Mr. Egal is entitled to a preliminary hearing at all, that hearing must be held in the Southern District of Florida rather than in the District of Minnesota. Federal Rule of Criminal Procedure 32.1(a)(5) provides, in relevant part that, if a person is arrested in a district that does not have jurisdiction to conduct a revocation hearing, AND if the alleged violation did not occur in the district of arrest, "the magistrate judge must … transfer the person to the district that has jurisdiction if (1) the government produces certified copies of the judgment, warrant, and warrant application, or produces copies of those certified documents by reliable electronic means; and (ii) the judge finds that the person is the same person named in the warrant." The plain language of the rule only permits a court to hold a preliminary hearing in the district of arrest if the alleged violation occurred in that district. That did not occur in this case.

Mr. Egal argues that it is unclear in which district the alleged violation actually occurred. Mr. Egal is specifically accused of failing to report within 72 hours of his release

from ICE custody, and there is no suggestion that he was in Minnesota at that time.[2] Instead, it appears that he was released from ICE custody in Louisiana, and then travelled to California. It also appears that an ICE officer told him to report to the Probation Office in California. Whether he failed to report in California or in Louisiana, there is no evidence in the record that he was in Minnesota within 72 hours, or even within many days of his release. The Court cannot credibly conclude that Mr. Egal's alleged violation occurred in this District. Instead, this Court's authority is limited to Ordering Mr. Egal removed to the Southern District of Florida for further proceedings.

### III.     Conclusion and Order

For the reasons set forth above, the Court denies Mr. Egal's Motion for a Preliminary Hearing in this District (ECF 15), and grants the government's Motion (ECF 16).

1. It is hereby ordered that Mr. Egal be removed to the Southern District of Florida.

2. The government, counsel for Mr. Nestor, and, if needed, Mr. Egal's local supervising Pretrial Services Officer shall work together to arrange a date and time for Mr. Egal's appearance in Florida.  Whether that appearance can be handled remotely will be up to the Court in Florida.

3. The Court hereby **DENIES** without prejudice the pending Motion for Travel Expenses filed on behalf of Mr. Egal. (ECF 9.) However, the Court agrees that Mr. Egal is eligible to have his travel arranged by the United States Marshal's Service. If needed, the Court will sign an Order granting a Motion filed in the future, once the Motion and Order can specify the date, time and location for any court appearance.

Date: March 10, 2021

                                                    *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States Magistrate Judge

---

[2] There is a genuine question whether failing to report to Probation within 72 hours of his release from ICE custody, as alleged in the petition, actually violated any conditions of Mr. Egal's supervised release. He was ordered to report to Probation within 72 hours of his release from BOP custody, which he could not do because he was then in ICE custody. But that is a question to be resolved at a preliminary hearing or a final revocation hearing, which cannot be held before this Court.